**ROBERT C. JAROSH, #6-3497**
**ERIN E. BERRY, #7-6063**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
rjarosh@hirstapplegate.com
eberry@hirstapplegae.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |  |
|---|---|---|
| TODD SCHMIDT, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | Civil Action No. 23-CV-101-F |
| | } | |
| EDWARD SEIDEL, in his official capacity as the President of the University of Wyoming, and RYAN O'NEIL, individually and in her official capacity as Dean of Students for the University of Wyoming, | } } } } } | |
| | } | |
| Defendants. | } | |

### ANSWER OF DEFENDANTS EDWARD SEIDEL AND RYAN O'NEIL IN THEIR OFFICIAL CAPACITIES

Defendants, Edward Seidel, in his official capacity, and Ryan O'Neil, in her official capacity only (collectively "Defendants"),[1] hereby answer Plaintiff's *Verified Complaint* (the "Complaint") [Doc. No. 1] as follows:

**"INTRODUCTION"**
**Allegations Section**

1.  Answering Paragraph 1, the *Complaint* speaks for itself in terms of the jurisdiction

---

[1] Ryan O'Neil, in her individual capacity, filed a motion to dismiss, and therefore is not required to answer the allegations in the *Verified Complaint* at this time. FED. R. CIV. P. 12.

invoked and relief sought. Defendants admit that Plaintiff sued Defendant Edward Seidel in his official capacity and Defendant Ryan O'Neil in her individual and official capacities, but deny that Plaintiff is entitled to any of the relief sought, and deny that O'Neil is a proper defendant in her individual capacity. Defendants deny all other allegations in Paragraph 1.

2. Answering Paragraph 2, the *Complaint* speaks for itself in terms of the alleged actions Plaintiff seeks to challenge. Defendants deny that Plaintiff is subject to a perpetual ban and assert that the only action the University of Wyoming (the "University") took against Plaintiff was to suspend his ability to reserve a table in the Wyoming Union breezeway until the beginning of the Spring 2024 semester. Defendants deny all other allegations in Paragraph 2.

3. Answering Paragraph 3, the *Complaint* speaks for itself in terms of the premises for the action. Defendants deny that Plaintiff was denied his fundamental rights of free speech, due process, and equal protection, and deny that Plaintiff has been subjected to any unconstitutional conditions. Defendants deny all other allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Answering Paragraph 5, the allegations therein are and call for legal conclusions to which no response is required. Defendants deny all other allegations in Paragraph 5.

### "JURISDICTION AND VENUE"
### Allegations Section

6. Answering Paragraph 6, Defendants admit that Plaintiff asserts jurisdiction pursuant to the statutes set forth therein, but denies that Plaintiff is entitled to any relief under those statutes. Defendants deny all other allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Answering Paragraph 8, the allegations therein are and call for legal conclusions to

which no response is required. Defendants deny all other allegations in Paragraph 8.

      9.      Defendants admit the allegations in Paragraph 9.

## "PLAINTIFF"
## Allegations Section

      10.      Answering Paragraph 10, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

## "DEFENDANTS"
## Allegations Section

      11.      Answering Paragraph 11, Defendants admit that Dr. Edward Seidel is the University's 28th President and that, in his official capacity, Dr. Seidel is the chief executive officer of the University and is vested with powers and duties as provided by the laws of the State of Wyoming and the Bylaws of the Trustees of the University of Wyoming, and that he has the authority to enforce all University Regulations, policies, and procedures, including those related to activities on the University's campus.

      12.      Defendants admit the allegations in Paragraph 12.

## "FACTS"
## Allegations Section

      13.      Answering Paragraph 13 and the unnumbered sentence immediately preceding it, Defendants admit that in the past Plaintiff sometimes reserved a table in the Wyoming Union breezeway. Defendants are without facts or knowledge sufficient to admit or deny the remaining allegations contained therein, and therefore deny the same.

      14.      Answering Paragraphs 14, 15, 16, 17, 18, 19, and 20, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

15. Answering Paragraph 21, Defendants admit that in the past Plaintiff sometimes reserved tables in the Wyoming Union breezeway, often on Fridays. Defendants are without facts or knowledge sufficient to admit or deny the remaining allegations contained therein, and therefore deny the same.

16. Answering Paragraph 22, Defendants deny the allegations as phrased.

17. Answering Paragraph 23, Defendants assert that the Wyoming Union Policies and Procedures, which Plaintiff separately filed with the Court, speak for themselves. Defendants deny any allegations about those documents that are inconsistent therewith. Defendants deny all other allegations in Paragraph 23.

18. Answering Paragraph 24, Defendants admit that nonprofits are charged a fee of $40 to reserve a table in the Wyoming Union breezeway. Defendants deny all other allegations in Paragraph 24.

19. Defendants admit the allegations in Paragraphs 25 and 26, and assert that the ability to reserve a table in the Wyoming Union breezeway can be suspended for reasons other than failing to show up.

20. Answering Paragraphs 27, 28, 29, and 30, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same, except that it admits Plaintiff is able to place items on Wyoming Union breezeway tables he reserves.

21. Answering Paragraph 31, Defendants admit that in the past Plaintiff has placed a sign on his table and affixed removable lettering thereto. Defendants are without facts or

knowledge sufficient to admit or deny the remaining allegations contained therein, and therefore deny the same.

22.   Answering Paragraphs 32, 33, 34, 35, 36, and 37, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

23.   Answering Paragraph 38, Defendants admit Plaintiff made reservations for a table in the Wyoming Union breezeway in November and December 2022, and that Plaintiff paid his reservation fees.

24.   Answering Paragraph 39 and the unnumbered sentence immediately preceding it, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

25.   Answering Paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61, and the unnumbered sentence immediately after Paragraph 61, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same. Upon information and belief, Plaintiff also does not have facts or knowledge sufficient to make most of these allegations in the form of a verified complaint, and has done so for improper purposes, as prohibited by FED. R. CIV. P. 12(f).

26.   Answering Paragraphs 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, and 84, Defendants assert that any articles published in the referenced publications speak for themselves. Defendants are without facts or knowledge sufficient to admit or deny the remaining allegations contained therein, and therefore deny the same.

27. Answering the unnumbered sentence immediately preceding Paragraph 85, Paragraphs 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, and 95, the unnumbered sentence immediately preceding Paragraph 96, and Paragraphs 96, 97, 98, 99, 100, 101, 102, and 103, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

28. Answering the unnumbered sentence immediately preceding Paragraph 104, Defendants deny the allegations as phrased.

29. Answering Paragraph 104, Defendants admit that Plaintiff reserved a Wyoming Union breezeway table for December 2, 2022. Defendants are without facts or knowledge sufficient to admit or deny the remaining allegations contained therein.

30. Answering Paragraph 105, Defendants admit Plaintiff was at a table in the Wyoming Union breezeway on the morning of December 2, 2022, with materials on the table. Defendants are without facts or knowledge sufficient to deny the remaining allegations contained therein, and therefore deny the same.

31. Defendants admit the allegations in Paragraph 106.

32. Answering Paragraph 107, Defendants admit that at some time after Plaintiff arrived at his table on December 2, 2022, individuals gathered in front of the table. Defendants further admit, upon information and belief, some of the individuals may have been attempting to block the sign affixed to the table. Defendants are without facts or knowledge sufficient to admit or deny the remaining allegations contained therein, and therefore deny the same.

33. Answering Paragraphs 108, 109, 110, 111, and 112, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

34. Answering Paragraph 113, Defendants admit that Dean O'Neil approached Plaintiff, reintroduced herself to him, told him that she wanted to speak with him about the banner on his table, and told him that she was concerned about it because it singled out an individual University student. Defendants deny the remaining allegations in Paragraph 113.

35. Defendants deny the allegations in Paragraph 114.

36. Defendants admit the allegations in Paragraph 115.

37. Answering Paragraph 116, Defendants assert that the Wyoming Union Policies and Procedures speak for themselves. Defendants deny any allegations about those documents that are inconsistent therewith.

38. Defendants deny the allegations in Paragraph 117.

39. Answering Paragraph 118, Defendants admit that Dean O'Neil told Plaintiff that his sign violated the Union Policies and Procedures, Article II, Section 2(B)(4).

40. Defendants admit the allegations in Paragraph 119, although it contains several immaterial typographical errors.

41. Answering Paragraph 120, Defendants are without facts or knowledge sufficient to admit or deny what Plaintiff knew, but deny that Dean O'Neil did not explain to him why his banner was a violation of the Wyoming Union Policies and Procedures. Defendants deny the remaining allegations in Paragraph 120.

42. Defendants deny the allegations in Paragraph 121.

43. Answering Paragraph 122, Defendants deny the allegations as phrased.

44. Answering Paragraphs 123 and 124, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same. Defendants also assert that Dean O'Neil did not provide Plaintiff with a directive.

45. Defendants deny the allegations in Paragraph 125.

46. Answering Paragraphs 126 and 127, Defendants admit that Plaintiff removed the student's name from his banner, but deny all of the other allegations as phrased.

47. Defendants admit the allegations in the unnumbered sentence immediately preceding Paragraph 128.

48. Answering Paragraphs 128 and 129, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

49. Answering Paragraph 130, Defendants admit the first sentence, but are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

50. Answering Paragraphs 131, 132, 133, 134, 135, and 136, Defendants admit that President Seidel published a message on December 5, 2022, which Plaintiff separately filed with the Court, and assert the message published speaks for itself. Defendants deny any allegations about that message that are inconsistent therewith. Defendants deny all other allegations in Paragraphs 131, 132, 133, 134, 135, and 136.

51. Answering Paragraphs 137, 138, 139, and 140, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

52. Answering Paragraph 141, Defendants admit they received messages from individuals expressing their opinions about Plaintiff's conduct on December 7, 2022, including some who expressed the opinion that Plaintiff should not be permitted to reserve a table in the Wyoming Union breezeway. Defendants further admit that on or about December 7, 2022, individuals gathered outside of the Wyoming Union in support of LGBTQ+ rights. Defendants are without facts or knowledge sufficient to admit or deny the remaining allegations contained therein, and therefore deny the same.

53. Answering Paragraphs 142, 143, 144, 145, and 146, Defendants assert the statement, letter, and Wyoming Union Policies and Procedures speak for themselves. Plaintiff separately filed at least one of those documents with the Court. Defendants deny any allegations about those documents that are inconsistent therewith.

54. Defendants deny the allegations in the sentence immediately preceding Paragraph 147 and in Paragraph 147, and assert that on December 7, 2022, the University suspended Plaintiff's ability to reserve a table in the Wyoming Union breezeway until the beginning of the Spring 2024 semester. Defendants further assert that the University notified Plaintiff of the suspension via a letter that Plaintiff separately filed with the Court, and that speaks for itself.

55. Answering Paragraphs 148, 149, 150, 151, 152, 153, 154, 155, 156, and 157, Defendants assert the letters, which Plaintiff separately filed with the Court, speak for themselves. Defendants deny any allegations about letters that are inconsistent therewith. Defendants deny the remaining allegations in Paragraphs 148, 149, 150, 151, 152, 153, 154, 155, 156, and 157.

56. Answering the sentence immediately preceding Paragraph 158 and Paragraph 158, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

57. Answering Paragraphs 159, Defendants assert the letter, which Plaintiff separately filed with the Court, speaks for itself. Defendants deny any allegations about the letter that are inconsistent therewith.

58. Defendants deny the allegations in Paragraphs 160 and 161, and assert Plaintiff was previously notified of and warned about his prior conduct.

59. Answering Paragraphs 162 and 163, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

60. Answering Paragraph 164, Plaintiff does not specify what letter he is referring to, but Defendants assert any letters Plaintiff received or Defendants sent speak for themselves. Defendants deny any allegations about that document that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 164.

61. Answering Paragraph 165, the University regulation referenced therein speaks for itself. Defendants deny any allegations about the regulation that are inconsistent therewith.

62. Defendants deny the allegations in Paragraph 166.

63. Answering Paragraph 167, the University regulation referenced therein speaks for itself. Defendants deny any allegations about the regulation that are inconsistent therewith.

64. Defendants deny the allegations in Paragraph 168.

65. Answering Paragraph 169, the University regulation referenced therein speaks for itself. Defendants deny any allegations about the regulation that are inconsistent therewith.

66. Defendants deny the allegations in Paragraph 170.

67. Defendants deny the allegations in the sentence immediately preceding Paragraph 171 as phrased.

68. Answering Paragraphs 171, 172, 173, 174, 175, and 176, the letters and separate correspondence referenced therein, which Plaintiff separately filed with the Court, speak for themselves. Defendants deny any allegations about those documents that are inconsistent therewith. Defendants deny the remaining allegations in Paragraphs 171, 172, 173, 174, 175, and 176.

69. Defendants deny the allegations in the sentence immediately preceding Paragraph 177.

70. Answering Paragraph 177, Defendants admit that on December 7, 2022, the University suspended Plaintiff's ability to reserve a table in the Wyoming Union breezeway until the beginning of the Spring 2024 semester.

71. Answering Paragraphs 178, 179, and 180, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

72. Defendants deny the allegations contained in Paragraphs 181 and 182.

73. Answering Paragraphs 183 and 184, any allegations in any other filed legal pleadings speak for themselves.

74. Defendants deny the allegations contained in Paragraph 185.

75. Answering Paragraphs 186, 187 and 188, Defendants are without facts or knowledge sufficient to admit or deny the allegations contained therein, and therefore deny the same.

76. Defendants deny the allegations contained in Paragraphs 189, 190, and 191, and deny that Schmidt's constitutional rights have been denied or infringed upon.

### "FIRST CAUSE OF ACTION
### Violation of the Free Speech Clause: Censorship"
### Section

77. Paragraph 192 is an incorporation by reference of previous allegations and, as such, requires no further response. To the extent a response is required, the responses to those prior allegations are incorporated herein.

78. Defendants deny the allegations contained in Paragraphs 193, 194 (including a-h), 195, and 196, and deny Plaintiff is entitled to the relief sought in the WHEREFORE sentence following Paragraph 196.

### "SECOND CAUSE OF ACTION
### Violation of the Free Speech Clause: Ban on Tabling"
### Section

79. Paragraph 197 is an incorporation by reference of previous allegations and, as such, requires no further response. To the extent a response is required, the responses to those prior allegations are incorporated herein.

80. Defendants deny the allegations contained in Paragraphs 198, 199 (including a-k), 200, and 201, and deny Plaintiff is entitled to the relief sought in the WHEREFORE sentence following Paragraph 201.

## "THIRD CAUSE OF ACTION
## Violation of the Due Process Clause"
## Section

81. Paragraph 202 is an incorporation by reference of previous allegations and, as such, requires no further response. To the extent a response is required, the responses to those prior allegations are incorporated herein.

82. Plaintiff's Third Cause of Action is subject to a separately filed motion to dismiss and, as a result, Defendants are not required to further respond to the allegations contained in Paragraphs 203, 204, 205, and 206, or to the WHEREFORE sentence following Paragraph 206.

## "FOURTH CAUSE OF ACTION
## Violation of the Equal Protection Clause"
## Section

83. Paragraph 207 is an incorporation by reference of previous allegations and, as such, requires no further response. To the extent a response is required, the responses to those prior allegations are incorporated herein.

84. Plaintiff's Fourth Cause of Action is subject to a separately filed motion to dismiss and, as a result, Defendants are not required to further respond to the allegations contained in Paragraphs 208, 209, and 210, or to the WHEREFORE sentence following Paragraph 210.

## "FIFTH CAUSE OF ACTION
## Violation of the Right to Be Free From Unconstitutional Conditions"
## Section

85. Paragraph 211 is an incorporation by reference of previous allegations and, as such, requires no further response. To the extent a response is required, the responses to those prior allegations are incorporated herein.

86. Defendants deny the allegations contained in Paragraphs 212, 213, and 214, and deny Plaintiff is entitled to the relief sought in the WHEREFORE sentence following Paragraph 214.

## "PRAYER FOR RELIEF"
### Section

87. Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief, including "A, B, C, D, E, F, G, H, I, J, K."

## AFFIRMATIVE DEFENSES

1. Defendants deny each and every allegation of the *Complaint* not expressly admitted herein.

2. Plaintiff's *Complaint* fails to state a claim upon which relief may be granted.

3. Discovery may disclose that Plaintiff failed to exhaust administrative remedies.

4. All of Defendants actions were reasonable, in good faith, authorized by law, and taken within the course and scope of their official duties.

5. Defendants, in their official capacities, are entitled to sovereign immunity, including because they are not "persons" under 42 U.S.C. §1983.

6. Defendant Ryan Dineen O'Neil is entitled to qualified immunity from the claims asserted against her individually.

7. Defendants expressly reserve the right to modify, amend, revise, or withdraw any of the above-listed affirmative defenses, as well as the right to assert additional affirmative defenses to Plaintiff's claims, as further investigation and discovery warrant.

**WHEREFORE**, Defendants respectfully pray that judgment be rendered in their favor; Plaintiff take nothing by reason of this suit against Defendants; Defendants recover their costs and

attorneys' fees pursuant to 42 U.S.C. § 1988; and for such other and further relief, in law or in equity, to which Defendants may show themselves justly entitled.

Dated: 24 July 2023.

EDWARD SEIDEL and RYAN O'NEIL, both only in their official capacities, Defendants,

BY: /s/ Robert C. Jarosh
**ROBERT C. JAROSH, #6-3497**
**ERIN E. BERRY, #7-6063**
OF HIRST APPLEGATE, LLP
Attorneys for Defendants
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
rjarosh@hirstapplegate.com
eberry@hirstapplegate.com

## CERTIFICATE OF SERVICE

I certify the foregoing ***Answer of Defendants Edward Seidel and Ryan O'Neil in Their Official Capacities*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 24 July 2023, and that copies were served as follows:

| | |
|---|---|
| Douglas J. Mason<br>Mason & Mason, P.C.<br>26 S. Lincoln Avenue<br>P. O. Box 785<br>Pinedale, WY 82941-0785<br>dmason@masonlawpinedale.com<br>*Attorney for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Nathan W. Kellum<br>Center for Religious Expression<br>699 Oakleaf Office Lane, Suite 107<br>Memphis, TN 38117<br>nkellum@crelaw.org<br>*Attorney for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

/s/ Robert C. Jarosh
OF HIRST APPLEGATE, LLP
Attorneys for Defendants