**ROBERT C. JAROSH, #6-3497**
**ERIN E. BERRY, #7-6063**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
rjarosh@hirstapplegate.com
eberry@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TODD SCHMIDT, | } |
| | } |
| Plaintiff, | } |
| | } |
| vs. | } Civil Action No. 23-CV-101-F |
| | } |
| EDWARD SEIDEL, in his official capacity as the President of the University of Wyoming, and RYAN O'NEIL, individually and in her official capacity as Dean of Students for the University of Wyoming, | } } } } } |
| | } |
| Defendants. | } |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

Defendants, Edward Seidel and Ryan O'Neil ("Defendants"), by and through undersigned counsel, hereby respectfully submit *Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion for Partial Dismissal.*

I. **Plaintiff's generalized statements are insufficient to overcome qualified immunity.**[1]

Plaintiffs' *Verified Complaint* [Doc. No. 1] does not allege that the rights at issue—however you define them—are clearly established. Those words do not appear in the *Verified Complaint*. In addition, Plaintiff does not allege in the *Verified Complaint* that Dean Ryan O'Neil knew or should have known that any alleged right was clearly established.

In response to Dean O'Neil raising the issue of qualified immunity in *Defendants' Motion for Partial Dismissal* [Doc. No. 16], Plaintiff dances around these concepts and the standard required to defeat the defense of qualified immunity without addressing the issues head on. Specifically, Plaintiff states that the "allegations show that O'Neil violated Schmidt's constitutional rights." *Plaintiff's Response in Opposition to Defendants' Motion for Partial Dismissal* ("*Plaintiff's Response*") [Doc. No. 21] at 6. Plaintiff discusses the right to be free from censorship, and alleges only one right is "well-established"—the right to be free from "viewpoint discrimination." *Id*. at 7. Plaintiff then alleges Dean O'Neil "should know viewpoint discrimination is unconstitutional." *Id*. These generalized allegations are not sufficient.

Specifically, and despite two chances (the *Verified Complaint* and *Plaintiff's Response*), Plaintiff has wholly failed to meet the burden required to overcome a qualified immunity defense. A plaintiff cannot rely on generalized statements of constitutional law to overcome a qualified immunity defense. *Gardner v. City of Riverton,* 2020 U.S. Dist. LEXIS

---

[1] Plaintiff's arguments related to his Equal Protection and Due Process claims do not address any points not already addressed in Defendants' *Memorandum in Support of Defendants' Motion for Partial Dismissal* and therefore are not addressed here. For the reasons set forth in Defendants' *Memorandum in Support of Defendants' Partial Motion to Dismiss,* Defendants request the Court dismiss these two claims.

257238, *14-15 (D. Wyo. April 7, 2020). Indeed, "the U.S. Supreme Court has repeatedly told courts … not to define clearly established law at a high level of generality." *Id.* (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, 742 (2011)). Rather, the law in effect at the time must place officials on fair notice that their conduct was unlawful, meaning the cases cited by a plaintiff in opposing a qualified immunity defense must be ***factually*** similar to the ***particular*** conduct alleged by the plaintiff to be unlawful. *See White v. Pauly,* 580 U.S. 73, 79 (2017); *see also Gardner,* 2020 U.S. Dist. LEXIS 257238 (dismissing an individual capacity defendant based on qualified immunity where the cases cited by the plaintiff were "so materially different" from the facts of the case they could not have put the defendant on notice that his actions violated clearly established law).

Here, rather than pointing the court to cases with factually similar conduct to that which Plaintiff claims is unlawful (as required), Plaintiff simply relies on the generalized statements that "viewpoint discrimination is unconstitutional" and quotes from cases involving vastly different conduct than that under review in this matter. *Plaintiff's Response* at 7. However, "[t]his generalized statement does not satisfy the qualified-immunity burden" and is insufficient as a matter of law. *See Gardner,* 2020 U.S. Dist. LEXIS 257238 at *16. Moreover, the cases Plaintiff cites are "so materially different" from the conduct under review here that they cannot be read to place university officials on fair notice that such conduct violates clearly established law. *Id*. at *17.

The lack of cases analyzing the particular conduct under review here makes clear that a reasonable official is not on notice that asking an individual not to target a student based solely on her membership in a protected class could constitute a violation of the law. For this

reason, Dean O'Neil is entitled to qualified immunity and the claims against her in her individual capacity must be dismissed.

Dated: 7 August 2023.

EDWARD SEIDEL and RYAN O'NEIL, Defendants

BY: /s/ Erin E. Berry
**ROBERT C. JAROSH, #6-3497**
**ERIN E. BERRY, #7-6063**
OF HIRST APPLEGATE, LLP
Attorneys for Defendants
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
rjarosh@hirstapplegate.com
eberry@hirstapplegate.com

## CERTIFICATE OF SERVICE

I certify the foregoing ***Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion for Partial Dismissal*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 7 August 2023, and that copies were served as follows:

| | |
|---|---|
| Douglas J. Mason<br>Mason & Mason, P.C.<br>26 S. Lincoln Avenue<br>P. O. Box 785<br>Pinedale, WY 82941-0785<br>dmason@masonlawpinedale.com<br>*Attorney for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |
| Nathan W. Kellum<br>Center for Religious Expression<br>699 Oakleaf Office Lane, Suite 107<br>Memphis, TN 38117<br>nkellum@crelaw.org<br>*Attorney for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |

/s/ Erin E. Berry
OF HIRST APPLEGATE, LLP
Attorneys for Defendants